The People of the State of New York, Respondent, *v.* Milton
Sternberg, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, December 24, 1931.

*Daniel Jacobson,* for the appellant.

*Thomas C. T. Crain, District Attorney [Joshua Egelson* of counsel], for the People.

Kernochan, J.   This is an appeal from a conviction of disorderly conduct tending to a breach of the peace.   The complaint charges the appellant with using loud language and causing a crowd to collect on Thirty-sixth street between Broadway and Seventh avenue in New York county at two-fifty-five P. M. on August 27, 1931.

The officer that made the arrest is the only witness for the People. He says that at the time and on the day mentioned he was regulating traffic, when a car pulled up at the side of the street.   The appellant was seated with the chauffeur of the car, and the officer, addressing the chauffeur, said, " Parking limit is one hour."   That the appellant who had alighted from the car said to the officer, " Hey, we just came from Headquarters."   The officer said, " I am not talking to you in the first place, and if you don't keep quiet why I will lock you up."   Then the officer said to the chauffeur, " I think that Auburn was on the other side of the street this morning.   Now the parking regulation is one hour."   The officer then states that the appellant kept on hollering.   On being asked what the appellant said, the officer stated that he said, " We did not park there this morning."   The officer then said to the appellant, "All right if you want to keep on talking and hollering like that I will lock you up for disorderly conduct."   The officer then took

the appellant to the station house, and the lieutenant ordered the officer to give him a summons for disorderly conduct. The officer also testified that this altercation had caused a crowd to collect.

On this testimony the magistrate bases his conviction. All that the appellant said according to this testimony was, " Hey we just came from Headquarters," and, " We didn't park here this morning." It is obvious that the language alone used by the defendant was not sufficient to sustain a complaint of disorderly conduct.

The officer did testify that the appellant hollered, but I do not think that the mere statement of this fact was sufficient to justify the finding of disorderly conduct. The only testimony as to causing a crowd to collect is based on the bare statement of the officer that a crowd had collected. No further testimony on this important point was taken by the magistrate. The place where the arrest was made, Thirty-sixth street between Broadway and Seventh avenue, is a very busy thoroughfare. This is an important allegation in the charge, and deserved careful investigation by the magistrate. The decision of *People* v. *Phillips* (245 N. Y. 401, at p. 402) clearly brings out this point, for ANDREWS, J., says: " We are told that a crowd is a throng, a great number of persons, a multitude. At best the word is indefinite. Difference in time and place may shape its meaning. A crowd at midnight might not be a crowd at noon. A crowd in a country schoolhouse might not be a crowd in Washington Square, but there is always implied in the word numbers with reference to the hour and location."

The testimony for the defense offers the only explanation of any real altercation between the officer and the appellant; it is not necessary to do anything more than make brief reference to it. It tends to show that the officer was reluctant to allow them to park because he thought that they had parked for more than one hour at the same place earlier in the day, as evidenced by this remark attributed to him by the appellant: " Come here, you chiseler, you got away with that this morning, you will not get away with it now."

It is not unreasonable to assume from all the testimony in this case that the actions of the officer had as much to do with any shouting or collection of crowd as the conduct of the appellant.

Judgment reversed on the law and facts, fine ordered repaid, and a new trial ordered.

FETHERSTON and HEALY, JJ., concur.