THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD DORITY, Appellant.— Appeal from judgment of the County Court, St. Lawrence County, convicting the defendant of the crime of assault in the second degree. The defendant was indicted for assault in the second degree in violation of subdivision 5 of section 242 of the Penal Law, in two counts, the first count charging that the defendant had assaulted certain police officers at a restaurant in the city of Ogdensburg "with intent to prevent and resist his lawful apprehension and detention" by the police officers and the second count charging that he had committed a similar assault upon one of the police officers at the police station. The indictment did not state upon what charge the police officers were attempting to apprehend the defendant at the time of his alleged resistance nor was the

nature of the charge disclosed upon the trial. It was testified upon the trial that the defendant and the police officers had engaged in an altercation at the restaurant and that shortly thereafter, as one of the officers was going through the doorway, the defendant kicked the door, causing it to close upon the officer's hand. About ten minutes later, the officers returned to the restaurant and, according to their testimony, undertook to arrest the defendant but it is undisputed that they did not then or at any subsequent time inform him of the nature of the charge. The defendant resisted and struck one of the officers. This is the assault which was made the basis of the first count of the indictment. The defendant was taken to the police station and, according to the officers' testimony, after the handcuffs were removed from the defendant, he again assaulted one of the officers and attempted to escape. This is the assault which was made the basis of the second count. No information was ever laid against the defendant charging him with any crime as the basis for the original arrest. It is asserted upon this appeal that the arrest was made for an assault in the third degree upon the officer upon whose hand the door was closed. In its charge, the trial court did not refer to the alleged underlying crime; it failed to instruct the jury that the arrest was not a lawful one, unless the defendant had actually committed the alleged crime. The court did not explain to the jury that an officer has no right to make an arrest without a warrant for a misdemeanor unless the person arrested had actually committed the offense charged in the officer's presence (Code Crim. Pro., § 177). Neither did the court instruct the jury that it was the arresting officer's duty to inform the person arrested of "the cause of the arrest" (Code Crim. Pro., § 180). The respondent also seeks to support the conviction upon the basis of the second count of the indictment but the court in its charge did not make any reference to the second count and did not submit it to the jury. Apart from the specific errors in the charge, the charge as a whole was confusing and inadequate. Judgment of conviction reversed, on the law and the facts, and a new trial granted. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.