THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALBERT GALLO, Defendant.

City Magistrate's Court of New York, Borough of Brooklyn, Felony Court, January 25, 1955.

*Edward Silver, District Attorney* (*Harry Maze* of counsel), for plaintiff.

*David F. Price* for defendant.

SERPER, M. The defendant herein is charged with assault in the second degree, in that he is alleged to have feloniously assaulted a police officer, who had previously placed him under

arrest for a violation of a section of the Penal Law, such assault arising from the fact that the defendant struck the complaining officer with his hands when attempting to escape while in custody.

From the testimony, it appears that the defendant was under police observation while standing in the immediate vicinity of premises 112 Beverly Road, Brooklyn, New York, and during such observation was approached by about ten men in different numbers and at various times, with whom the defendant did engage in conversation and thereafter did either take or direct to the doorway of premises 112 Beverly Road, Brooklyn, New York. These men then entered the premises, while the defendant remained on the street. On no occasion did he enter the premises to which he had directed or escorted the said men. After one-half hour, Patrolman Nigro approached the defendant, identified himself as a police officer, showed his shield to the defendant, and said, '' Let's go upstairs.'' This the defendant did. As they proceeded upstairs, they were preceded by Patrolman Ellis, who testified that when he arrived at the top of the stairs, he entered the apartment and observed what appeared to him to be the remnants of a dice game. According to Ellis, the defendant and Police Officer Nigro, the complainant, were behind him on the stairs and he did not observe any of this.

The entire incident, upon which the complaint in felonious assault is based, occurred as the defendant and Police Officer Nigro reached the top landing of the stairs. At that time, the complainant Nigro informed the defendant that he was under arrest. The defendant then started to go back towards the exit. Nigro grabbed the defendant, who assaulted him, by punching him with his hands.

After giving much consideration to the testimony of the witnesses, it is now apparent that Officer Nigro, the complainant (1) at no time saw the defendant commit a crime in his presence, (2) had no warrant for defendant's arrest, and (3) did not have a search warrant to enter the premises in question. It must follow that the first detention of the defendant, when Officer Nigro identified himself and said, '' Let's go upstairs,'' was an unlawful detention and arrest, since, at that time, out on the street, no crime was being committed by the defendant or attempted by him, in Officer Nigro's presence, nor did the officer have a warrant for his arrest. It must also follow, that the second time, when, at the top of the landing, the defendant was told by Officer Nigro that he was under arrest,

such act was an unlawful detention and arrest, because Officer Nigro did not see the defendant commit or attempt to commit a crime in his presence, and did not have a warrant for the defendant's arrest. (Code Crim. Pro., §§ 167, 171, 177; *People* v. *O'Connor,* 257 N. Y. 473; *People* v. *Cherry,* 307 N. Y. 308.)

In *People* v. *O'Connor,* defendant was arrested without a warrant, for a crime not committed in the presence of the officer. While at the police station, when the police officer attempted to search him, the defendant resisted. It was held therein, that since the crime had not been committed in the presence of the officer and since the officer had no warrant for his arrest, the arrest was illegal; that the officer had no right to search the defendant and the defendant had a right to resist.

In *People* v. *Cherry,* the defendant, late at night, about to enter his home, was seized by two persons claiming to be police officers. The defendant resisted, biting the thumb of one of the officers. It was held therein, that since the arrest was illegal and unwarranted, the defendant had the right to resist; that it made no difference whether the police officers advised him that they were police officers; that force necessary to resist and prevent the unlawful arrest could be exercised; provided, however, that such force was reasonable under the circumstances.

It is interesting to note (1) that Joseph Gallo, brother of this defendant, was arrested and charged with assault, third degree, for an alleged assault upon a police officer, in that he joined in the altercation which took place, when Albert Gallo, the defendant in this case, resisted arrest, (2) the same Albert Gallo was arrested and charged with a violation of section 970 of the Penal Law, and that both matters were heard by Magistrate CHARLES SOLOMON, who discharged Albert Gallo in Gamblers' Court and Joseph Gallo, in Flatbush District Court (206 Misc. 935).

The only question left for determination by this court is whether the force used by this defendant was unreasonable and unwarranted in the circumstances. In the *Cherry* case, the defendant therein bit the thumb of the arresting officer. In the instant case, the defendant punched the officer with his hands. What is reasonable or unreasonable force must, of course, depend upon the particular circumstances. Certainly, the act of the defendant herein cannot be construed to be less reasonable than the force used in the *Cherry* case.

After much reflection and continued study of the testimony, it is the opinion of this court that the defendant herein did not use unreasonable force to prevent an offense against his person and that the People have failed to prove a prima facie case.

Accordingly, the defendant, Albert Gallo, is ordered discharged.