Jambs D. Hxjrlby, J.
This is an appeal from a judgment of the Police Court of the Village of Wolcott, New York, convicting the defendant of disorderly conduct and fining him $10.
Prom the evidence, the Police Justice must have found the following facts:
The defendant, his wife, and another couple entered a restaurant in the village of Wolcott, New York, at about 11 o’clock on the night of September 2, 1956. They had all been to a clambake and had gone to the restaurant to eat. After leaving the clambake, the defendant had been at a bar or grill where he had had a drink of Scotch.
When the defendant and his party entered the restaurant in Wolcott, New York, the complainant, Sergeant A. B. Jackman of the State Police and trooper E. B. Stangel were sitting on stools at the counter. The defendant sat at a stool immediately to the left of Sergeant Jackman and the rest of the party sat on stools to the left of the defendant.
The trooper and the defendant became engaged in conversation during the course of which Sergeant Jackman asked the defendant if he had been to the clambake, to which the defendant replied in the affirmative. When asked by Sergeant’Jackman who was driving, the defendant stated that he was. Sergeant Jackman then informed the defendant that there had been an accident at or near the clambake and that it was fellows like the defendant who caused fatalities. He then advised the defendant, Vernon Cuvelier, that he was in no condition to drive. The defendant then asked the trooper who was going to stop him and the trooper said “ if you are going to drive, I will stop you ”.
The defendant then said “well you sons of bitches aren’t going to stop me from driving my car”. Sergeant Jackman then arrested the defendant for disorderly conduct.
The evidence in the case indicates that no particular number of persons collected about, nor did the proprietor of the restaurant complain about defendant’s conduct or demand his arrest or removal from the premises.
The sole question to be determined upon this appeal is whether the words so spoken by the defendant constitute the offense of disorderly conduct.
It has been held that the calling of a police officer a ‘ ‘ son of a bitch ” in a tone of voice loud enough to be heard across the street, is disorderly conduct. (People v. Sadowsky, 149 Misc. 583.)
*825 It has also been held that a person who hollers or talks in a loud voice to a police officer is not guilty of disorderly conduct even though a crowd collected, when such remarks are made in reply to an unwarranted accusation or request by a police officer. (People v. Sternberg, 142 Misc. 602; People v. Tinston, 6 Misc 2d 485.)
It has also been held that one can be guilty of disorderly conduct for actions tending to a breach of the peace, even though no breach of the peace occurs and no crowd was caused to collect. (People v. Ripke, 115 N. Y. S. 2d 590.)
From the foregoing it would appear that the conviction should be set aside if the remarks of the defendant were not such as would tend to a breach of the peace, or if they were made by the defendant in response to improper remarks or accusations by Sergeant Jackman.
The duties of police officers consist, among other things,, of the prevention of crime. If the police officer felt that the defendant was in no condition to operate an automobile, he should not be expected or required to wait until the defendant started to drive his automobile and then arrest the defendant for driving while intoxicated. Under such circumstances, it is conceivable that the defendant, if driving while intoxicated, could have caused serious injuries to persons or property before his apprehension.
Nor does it seem that a person has to be so obviously intoxicated as to be guilty of public intoxication before a police officer might feel called on to prevent him from operating an automobile.
Under the peculiar circumstances existing here, however, it seems that the police officer was somewhat agitated as a result of a previous accident which had occurred at or near the clambake.
Although the testimony indicates that the defendant had had one drink and the proprietor of the restaurant, who testified for the People, testified that the defendant was not drunk by any means, the police officer took it upon himself to lecture the defendant and advise the defendant that he would prevent him from operating his automobile. Under these circumstances, it seems that the remark made by the defendant was provoked by the actions of the police officer; that it was not made in such a tone of voice as to attract undue attention or cause consternation among the patrons of the restaurant and, although it may have annoyed the police officer, it did not amount to disorderly conduct. The conviction should be reversed and the fine remitted.
Submit order accordingly.