Per Curiam.

The conviction of the defendant for disorderly conduct, under subdivisions 2 to 4 of section 722 of the Penal Law because the defendant allegedly used loud, boisterous, *519 vile and indecent language; refused to desist when ordered by the police officer and caused a crowd to collect by his actions, should be reversed.
It is conceded by the respondent that there may be some merit to the appellant’s contentions that the People have failed to establish violations of subdivisions 2 and 3. We believe that no violations have been established thereunder.
As to subdivision 2, the testimony of the police officer shows that the vulgar and offensive language used was directed solely to the officer; it fails to show that it was used in the hearing or presence of any other persons or that it did “ annoy, disturb, interfere with, obstruct or [become] offensive to others ”. The language, so addressed (People v. Nixon, 248 N. Y. 182, cited with approval in People v. Wecker, 140 Misc. 388) is a private annoyance to the officer, and in the absence of testimony showing that there was a breach of the peace or that it attracted undue attention or caused consternation amongst any, as the officer testified, of the “ close to 100 people ” (who were either “ walking on the sidewalk ” or who, in this “ very busy section with many bars on the avenue ” did “hang out outside ”) is insufficient to constitute disorderly conduct. To constitute disorderly conduct under this statute, said Magistrate Walter J. Bayer in a very able opinion in People v. Rothberg (8 Misc 2d 259, 260): “ there must be an actual or threatened breach of the peace which in turn means a disturbance of the tranquility of the People of the State.” The officer testified that he stopped the defendant while driving his car because of a traffic violation. Since the location where the incident occurred, namely: Lenox Avenue between 132nd and 133rd Streets, is a “ very busy section ’ ’, as testified to by the officer, the testimony by such officer, standing alone, that the defendant caused a crowd to collect, deserved and should have received ‘ ‘ careful investigation by the magistrate.” (People v. Sternberg, 142 Misc. 602, 603. See, also, People v. Chesnick, 302 N. Y. 58 and People v. Cuvelier, 8 Misc 2d 823.)
In addition, the language complained of was provoked, as testified to by the officer himself, because of his peering into the defendant’s car and glancing at the woman seated therein.
As to subdivision 3, the complaint does not charge nor does the record show any proof that the defendant congregated with others and refused to move on when ordered by the police. (People v. Carcel, 3 N Y 2d 327; People v. Lo Vecchio, 185 Misc. 197.)
Referring to subdivision 4, there is also no proof in the record that the defendant caused a crowd to collect “ By his *520 actions ”, but rather, as the officer testified, the crowd there present had collected prior to the defendant’s arrival.
In view of our decision, it appears that the arrest of the defendant was not lawful, and under the authority of People v. Cherry (307 N. Y. 308) the defendant, believing that the arrest was unlawful, was justified in resisting arrest. Although the police officer’s testimony indicated that, after the defendant was told he was under arrest, he resisted arrest in that he ‘ ‘ rushed by me ripping the band off my wrist watch getting into the car ’ ’, and that the defendant refused to leave his car, saying: “ If you want to take me to the station house, take a cab ”, the complaint does not charge the defendant with any violation because of such conduct.
The judgment of conviction should be reversed and the complaint dismissed.
Kozicke, Kozinn and Molloy, JJ., concur.
Judgment reversed, etc.