William E. Ringel, J.
The defendant is charged with the crime of “ carrying and possessing a dangerous weapon * * ® commonly known as a loaded hunting rifle ”, under section 1897 of the Penal Law, a misdemeanor.
The facts presented show that at about 3:30 a.m. on January 3, 1961, the defendant and another were observed leaving Cen *117 tral Park. The arresting officer stated that the defendant was wearing an overcoat which was bulging. On stopping the defendant, a hunting rifle, loaded, caliber 30-30, was disclosed under the overcoat. The defendant testified that he had found the rifle in the park, pulled the bolt of the rifle open, and placed the rifle under his overcoat so that the butt end was under his armpit, barrel pointing downward, and held the rifle with his hand through an opening in his overcoat pocket. From all of the evidence, I find that the rifle was completely concealed and that the defendant intended to conceal it.
The question to be determined is whether a misdemeanor has been committed under section 1897.
This section has been on our statute books for many years (L. 1881, ch. 676) and it has acquired so many amendments in the intervening years that it now is a veritable hodgepodge of licensing provisions, prohibitions and regulations, sadly in need of some logical redrafting.
We are primarily concerned, in the case at bar, with certain of the weapons provisions of the statute, to wit, subdivisions 1, 4, 5 and 5-a. Briefly, these are as follows:
Subdivision 1 makes it a crime to possess or carry certain specified dangerous weapons and certain unspecified dangerous weapons ‘ ‘ with intent to use the same unlawfully against another.”
Subdivision 4 prohibits possession of a pistol, revolver or other firearm of a size which may he concealed upon the person without a license.
Subdivision 5 prohibits having or carrying concealed upon the person any pistol, revolver or other firearm, "without a license.
Subdivision 5-a prohibits having or carrying concealed upon the person any pistol, revolver or other firearm which is loaded with ammunition at the time, or having or carrying such unloaded weapon concealed on the person but having or carrying, at the same time, ammunition to fit the said weapon, without a license. Violation of this subdivision is a felony.
Section 1897-a of the Penal Law prohibits possessing, selling or offering of certain firearm attachments commonly known as “ silencers ”.
Section 1898 of the Penal Law says that possession of any of the prohibited weapons, except as permitted in section 1897 and section 1897-a, “ is presumptive evidence of carrying, concealing or possessing with intent to use the same in violation- of this article”.
*118 As to subdivision 1, it has been held that, ‘ ‘ If the instrumentality or weapon possessed is one of those specifically mentioned in the statute, then such intent [i.e., to use unlawfully] is presumed from possession without more (Penal Law, § 1898) and this applies to items which ordinarily and readily fall within the group of items so specified. * * * [As to other items not so specifically mentioned] intent to use the same unlawfully against another is a necessary ingredient which must be established in order to constitute the crime * * * [and] the presumption of section 1898 is not available to the People in this instance ”. (People v. Adamkiewicz, 298 N. Y. 176, 179-180.) Accordingly, subdivision 1 is not applicable here.
Subdivision 4, which prohibits the possession of “ any pistol, revolver or other firearm of a size which may be concealed upon the person ’ ’ without a license must be construed to mean a firearm of a size which may be readily concealed upon the person. A rifle, though a firearm, does not fall into this category. (People v. Raso, 9 Misc 2d 739.)
Subdivision 5 prohibits having or carrying any pistol, revolver or other firearm concealed upon the person without a license.
The gist of the prohibition included in subdivision 5 is concealment (People v. Demorio, 123 App. Div. 665 ; People v. Carvelto, 123 App. Div. 822) and the concealment must be upon the person. (People v. Spillman, 309 N. Y. 295, 303 ; People v. Persce, 204 N. Y. 397 ; see, also, 43 A. L. R. 2d 490, 494-509.)
A rifle is a firearm. A firearm is any weapon from which a shot is discharged by force of an explosive or a weapon which acts by force of gunpowder. (People v. Evergood, 74 N. Y. S. 2d 12 ; a firearm is “a gun from which a projectile is fired ” [The American College Dictionary]; People v. Dachille, 27 Misc 2d 581.) Since the evidence presented shows that this defendant did carry a firearm, concealed upon his person, without a license authorizing possession and concealment, he has violated the provisions of this section. This is a misdemeanor.
It is our view that the defendant could also have been indicted for a felony under the provisions of subdivision 5-a, since the rifle was loaded.
To say that a rifle is difficult to conceal upon the person is to argue with the facts, and the fact in this case is that the rifle was concealed upon the person. To say further that the Legislature did not intend to include rifles in its prohibitions is to distort the plain meaning of the words of the statute. (McKinney’s Cons, Laws of N. Y., Book 1, Statutes, § 94.)
*119 We do not hold that possession of a rifle unconcealed requires a license, which was the case in People v. Raso (supra), but we do hold that a rifle carried concealed upon the person is interdicted by this statute concerned as it is with public safety (Penal Law, art. 172). As was stated by Judge Sober in the Raso case (supra, p. 744): “The purpose of the concealed weapons statutes was to prevent men in sudden quarrel or in the commission of crime from drawing concealed weapons and using them without prior notice to their victims that they were armed. The person assailed or attacked would behave one way if he knew his assailant was armed and perhaps another way if he could safely presume that he was unarmed.”
The Legislature in the past has seen fit to proscribe the use of rifles of a caliber larger than .22 (Penal Law, § 1897, subd. 3), hunting within certain city limits (Penal Law, § 1897, subd. 6-b); and the sale, possession or carrying of gun silencers (Penal Law, § 1897-a). Should they desire to remove rifles from the 1 ‘ concealed upon the person ’ ’ category, the remedy is simple. It is not for the court to enact legislation by judicial interpretation. (Delaney v. Central Val. Golf Club, 263 App. Div. 710, affd. 289 N. Y. 577.)
The motion to dismiss at the end of the entire case should be denied. By a majority of the court, the defendant is found guilty.