Harry J. D’Agostiho, J. P.
Defendants are charged with a breach of the peace in violation of section 43 of the Penal Law. Defendant Peter Bomboy, Jr. is also charged with assault in the third degree in violation of subdivision 1 of section 244 of the Penal Law.
On July 3, 1961, at approximately 3:55 a.m. the defendants were seen entering a fenced-in area behind a large building housing Bomboy’s Garage. The arresting officers, two State Troopers, drove their car on to the property, behind the building and ascertained that the enclosed area was a swimming pool. The officers asked the defendants several times to identify themselves and they refused. The defendants were thereupon advised that they were under arrest for disorderly conduct for *1003 refusing to answer the officers’ inquiries. Thereafter the defendants engaged in some loud conversation with the arresting officers and used vile and obscene language in refusing to identify themselves and in ordering the officers to remove themselves from the property. The defendants were handcuffed together and at that time defendant Peter Bomboy, Jr., while handcuffed, struck one of the arresting officers on the nose with his fist. Defendants were then brought before this Justice and informations were filed charging them with violations of the sections hereinbefore mentioned. Defendants were not charged with the offense of disorderly conduct, although they had been advised they were under arrest for committing the same.
The basis for the arrests under section 43 of the Penal Law was that defendants refused to identify themselves when requested to by the arresting officers and thereafter engaged in obscene language. The arrests were made on real property owned by defendant Peter Bomboy, Jr. At that time, the officers did not have warrants for arrest of defendants nor at the time of the inquiry as to defendants’ identity had a crime been committed in the presence of the officers. The law appears clear that the failure to identify one’s self to a police officer is not a crime. (People v. Tinston, 6 Misc 2d 485.) The Constitution of the TJnited States protects the rights of the people to be secure in their person. (TJ. S. Const. 4th Amendt.) The arrest for disorderly conduct was illegal. The loud and obscene language which occurred after defendants were advised of their arrest, which arrest was illegal, did not provoke a breach of the public peace. (People v. Tinston, supra.)
If defendants’ arrests were illegal, it is also clear that they could resist such arrests provided the force used was not more than sufficient to prevent such offense to their person. (Penal Law, § 246, subd. 3; People v. Cherry, 307 N. Y. 308.) The testimony of the arresting officers indicated that after defendant Peter Bomboy, Jr. was advised he was under arrest, he was handcuffed to his nephew, defendant Warren Bomboy, and at that instant struck one of the officers on the nose with his fist. While I cannot condone the assault on the officer, neither can I find in good conscience that the force used to resist the illegal arrest was unreasonable or more than sufficient to prevent such offense to the defendant. (People v. Cherry, supra; People v. Drears, 15 A D 2d 204; People v. Singelton, 117 N. Y. S. 2d 114.)
After hearing the testimony, I believe that the officers were motivated by good faith and were attempting to do their duty. They observed two men behind a building which they knew housed a business which was not open at that time of night. *1004 They did not know at the time that there was a residence over said garage nor that a swimming pool existed behind said garage. After the defendants emerged from the pool area, had they identified themselves to the officers, certainly none of ns would be here. However, the rights of our citizens as guaranteed by the Constitution must remain inviolate.
Defendants’ motions to dismiss the informations are granted and the defendants discharged.