THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ALBERT BRIGGS and ALDEN BRIGGS, Appellants.

Third Department, February 2, 1966.

*Edward B. Hoffman* for appellants.

*Paul H. McCabe, District Attorney (Samuel J. Castellano* of counsel), for respondent.

REYNOLDS, J.   Appeals by Alden Briggs from judgments of conviction of the County Court, Chemung County, of assault, second degree, in violation of subdivisions 4 and 5 of section 242 of the Penal Law and of possession of a firearm in violation of subdivision 2 of section 1897 of the Penal Law and by Albert Briggs from a judgment of conviction of the same court of assault, second degree, in violation of subdivision 5 of section 242.

On September 14, 1963 three warrants were issued by a Justice of the Peace for the arrest of Alden Briggs charging him with misdemeanors stemming from his operation of a motor vehicle. The People contend that on September 21, 1963 a State trooper who was attempting to execute these warrants was prevented from so doing by the armed resistance of Alden Briggs and that Albert Briggs, Alden's father, aided and abetted in this resistance.

Appellants assert that the assault convictions under subdivision 5 of section 242 cannot stand because the informations upon which the original warrants were issued were insufficient thus making the attempted arrest illegal and resistance thereto permissible.   Since the warrants were dismissed for insufficiency, albeit one year after the convictions here involved, and such dismissal was appealable (Code Crim. Pro., § 518; *People* v. *Malmud,* 4 A D 2d 86), the question of the insufficiency of the informations is *res judicata* and thus not reviewable here. Moreover, an information is the basis of the Magistrate's authority, and, therefore, without a sufficient information the Magistrate does not have jurisdiction and any warrant issued by him is not only invalid but a nullity and absolutely void (Code Crim. Pro., §§ 148–150; *People ex rel. Perkins* v. *Moss,* 187 N. Y. 410; *People* v. *Mosier,* 10 Misc 2d 815).   Thus since the warrants were invalid, any arrest made pursuant thereto was not lawful.

In reaching these conclusions we have little difficulty; however, the problem of whether resistance was permissible in the instant case despite the invalidity of the warrants and resulting unlawfulness of the attempted arrest proves more troublesome. Despite some compelling arguments for a contrary position (*State* v. *Koonce,* 89 N. J. Super. 169 [1965]; Model Penal Code, § 3.04, subd. [2], par. [a], cl. [i] and comments thereto; Warner, The Uniform Arrest Act, 28 Va. L. Rev. 315, 330 [1942]), it is the well-established law of this State (e.g., *People* v. *Cherry,* 307 N. Y. 308; *People* v. *Hamilton,* 18 A D 2d 871; *People* v. *Dreares,* 15 A D 2d 204; *People* v. *Daniels,* 285 App. Div. 619; *People* v. *Dority,* 282 App. Div. 995) and the pre-

vailing view in most other jurisdictions (see, e.g., *Elk* v. *United States*, 177 U. S. 529; *State* v. *Bowen*, 118 Kan. 31) that one being arrested illegally is privileged to resist his would-be captors, even though they be police officers, provided that the force or violence utilized is not more than is reasonably sufficient to prevent the arrest. Thus while " the victim may not pursue his counterattack merely for the sake of revenge or the infliction of needless injury " (*People* v. *Cherry, supra*, p. 311), there is authority in a few States sanctioning the use of deadly force if necessary to prevent an illegal arrest (see, e.g., *Perdue* v. *State*, 5 Ga. App. 821; *State* v. *Bethune*, 112 S. C. 100; Note, 66 L. R. A. 353). But no case we have found in this State or in any other jurisdiction involves resistance to an officer attempting an arrest on an invalid warrant. Most of the prior cases in this State have rather involved arrests being made in contravention of section 177 of the Code of Criminal Procedure in that the misdemeanor for which the arrest was being made was not committed in the officer's presence (e.g., *People* v. *O'Connor*, 257 N. Y. 473; *People* v. *Massey*, 7 A D 2d 850) or that no misdemeanor was found to have in fact been committed although the activity on which the charge was based took place in the presence of the officer (e.g., *People* v. *Dreares, supra*, pp. 206–207; *People* v. *Daniels, supra*; *People* v. *Dority, supra*; *People* v. *Bomboy*, 32 Misc 2d 1002; *People* v. *La Sister*, 9 Misc 2d 518; see, also, *People* v. *Hamilton, supra*, where a felony was suspected). There is only one older case, *People* v. *Shanley* (40 Hun 477) which even involves a warrant and in that case the issue centered not on the validity of the warrant but the fact that the arresting officer did not have it with him to display to the party he was attempting to arrest, having left it back at the police station.

We are thus presented with a case of first impression and with compelling reasoning to support the positions advanced by both the People and the appellants. The People's position is buttressed not only by a trend toward limiting this right of resistance in view of the improvement wrought in modern penal practices which have eliminated the necessity and thus the justification for resistance but also by the fact that unlike the arrest which is unlawful for being in contravention of section 177 of the Code of Criminal Procedure, here the arresting officer could not be held to realize the impropriety of his actions, being able in no practical manner to test the validity of the warrants upon which he is basing his actions. Appellants in turn are supported not only by a long history of decisions countenancing resistance to an unlawful arrest but also by the clear language

of subdivision 5 of section 242 that the apprehension being resisted must be "lawful". In the final analysis, despite compelling reasons to the contrary, we are constrained to hold that the resistance here involved did not constitute a breach of subdivision 5 of section 242 and that thus the convictions of both appellants for violation of subdivision 5 of section 242 must be reversed.

This determination, however, does not dispose of the conviction of Alden Briggs under subdivision 4 of section 242. As previously noted, even if resistance is sanctioned only reasonable force can be utilized (Penal Law, § 246, subd. 3; *People* v. *McNeil*, 21 A D 2d 1, affd. 15 N Y 2d 717; *People* v. *Cherry, supra*; *People* v. *Daniels, supra*). What is reasonable will, of course, vary with reference to the severity of the unlawful threat being resisted but should, in any event, be no more than sufficient to repel the attack (*People* v. *McNeil, supra*; *People* v. *Cherry, supra*; *People* v. *Lopez*, 238 App. Div. 619; *People* v. *Gallo*, 206 Misc. 935). Normally in a case such as the present one the resolution of these issues would be for the trier of the facts, but here the Trial Judge by charging that no resistance at all was permissible precluded the jury from even reaching the issue of reasonableness. Thus the conviction of Alden Briggs under subdivision 4 of section 242 must be reversed and a new trial ordered.

With regard to the final conviction of Alden Briggs under subdivision 2 of section 1897 of the Penal Law, that section at the time of the offense provided in pertinent part that "Any person who has or carries concealed upon his person any firearm which is loaded with ammunition \* \* \* is guilty of a felony." The People concede that no concealment is here involved but urge that the statute is phrased disjunctively and that the concealment applies only to carrying a gun, mere possession being enough alone to constitute the crime. We cannot agree with this construction. In our opinion the major element of the felony charge under then subdivision 2 of section 1897 (as opposed to a misdemeanor charge for mere possession under subdivision 3 of section 1897) was concealment (*People* v. *Raso*, 9 Misc 2d 739). It is further to be noted that if the People's interpretation were correct it would have been unnecessary for the Legislature in 1964 to amend subdivision 2 of section 1897 so as to eliminate "has or carries concealed" in favor of language making mere possession sufficient to constitute the offense (L. 1964, ch. 521). Thus the judgment of conviction under subdivision 2 of section 1897 must also be reversed.

The judgments of conviction of Alden Briggs and Albert Briggs for violation of subdivision 5 of section 242 of the Penal Law should be reversed, on the law, and the third count of the indictment dismissed; the judgment of conviction of Alden Briggs for violation of subdivision 4 of section 242 of the Penal Law should be reversed, on the law and the facts, and a new trial ordered as to the second count; and the judgment of conviction of Alden Briggs for violation of subdivision 2 of section 1897 of the Penal Law should be reversed, on the law, and the indictment dismissed.

HERLIHY, J. P., TAYLOR, AULISI and HAMM, JJ., concur.

Judgments of conviction of Alden Briggs and Albert Briggs for violation of subdivision 5 of section 242 of the Penal Law reversed, on the law, and the third count of the indictment dismissed; the judgment of conviction of Alden Briggs for violation of subdivision 4 of section 242 of the Penal Law reversed, on the law and the facts, and a new trial ordered as to the second count; and the judgment of conviction of Alden Briggs for violation of subdivision 2 of section 1897 of the Penal Law reversed, on the law, and the indictment dismissed.