SARAH PERNICK, Appellant, *v.* CENTRAL UNION GAS COMPANY, Respondent.

First Department, May 3, 1918.

**Gas and electricity — duty of gas company to inspect ranges installed by it — liability for repairs faultily or negligently made — explosion — evidence.**

It is not incumbent upon a gas company which has installed a range to inspect the same at frequent intervals.

A gas company which has assumed to make repairs to gas ranges installed by it is liable for injuries resulting from the repairs if they were faultily or negligently made.

It is not sufficient for a plaintiff seeking damages for injuries resulting from an explosion to show that it occurred, but she is bound to establish that it resulted from the negligence of the defendant or its servants.

Where, in such an action, it appears that the plaintiff turned on half way the stopcocks of two of the burners in the oven of the range and then struck a match and put it in the oven and the explosion followed, and there is no evidence of any other cause, the complaint should be dismissed. SHEARN, J., dissented, with opinion.

APPEAL by the plaintiff, Sarah Pernick, from a judgment of the County Court of Bronx county, entered in the office of the clerk of said county on the 20th day of November, 1917, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case.

*David Goldstein* of counsel [*Goldstein & Goldstein*, attorneys], for the appellant.

*H. E. Almberg* of counsel [*John A. Garver* with him on the brief; *Shearman & Sterling*, attorneys], for the respondent.

PAGE, J.:

The evidence failed to prove any negligence of the defendant. There was no evidence that the gas range was improperly constructed or installed originally by the gas company. It was not incumbent upon the company to inspect the range at frequent intervals. (*Schmeer* v. *Gas Light Co.*, 147 N. Y. 529, 541.) The company maintained a complaint bureau, to which the users of its ranges were invited to make complaints; and the plaintiff having complained of this range, the company sent its men to make repairs. Therefore, having assumed to make the repairs, if they were faultily or negligently made, the company would be liable for any injury resulting therefrom. The evidence fails to disclose either that the repairs to the range were not properly made, or that the injuries resulted from a defective condition of the range. The repairs to the range had been completed for two weeks before the explosion, and since that time it was not shown that there was any odor or other evidence of escaping gas. It is not sufficient for the plaintiff to show that the explosion occurred, but she was bound to show that the explosion resulted from the negligence of the defendant or its servants. (*Schaum* v. *Equitable Gas Light Co.*, 15 App. Div. 75, 76.) The plaintiff turned on half way the stopcocks of two of the burners in the oven of the range, and then struck a match and put the lighted match in the oven, and the explosion followed. The

reasonable and natural explanation of the occurrence is that the gas escaping from the burners into the oven was ignited by the lighted match. There was no evidence of any other cause. The court, therefore, properly dismissed the complaint for a failure to prove a cause of action.

The judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN and SMITH, JJ., concurred; SHEARN, J., dissented.

SHEARN, J. (dissenting):

The action is for damages for personal injuries caused by the explosion of a gas range located in the apartment of the plaintiff. The gas stoves in the house where the plaintiff was a tenant were rented by the owner from the defendant for the use of the tenants. It appears that the defendant maintained at its office a complaint bureau to which users of its rented ranges were invited to make complaints when the ranges were out of order, and that on receipt of complaints it was the practice of the defendant to send its own employees to inspect ranges, ascertain the cause of the trouble and to repair them. Prior to the explosion on March 2, 1917, complaint was made to the defendant that the gas range in plaintiff's apartment was out of order, and defendant sent an employee to put it in order. The work was not successfully done, and two weeks prior to the explosion another complaint was made and again the defendant sent an employee to put the range in order, and after it was repaired the second time the defendant's employee stated to the injured woman that the range was in perfect condition to be used. The precise nature of the trouble with the range was not shown, but it appeared that after the range was lighted the lights would go out of their own accord, apparently indicating some irregularity or interference in the flow of the gas. The same condition existed after the first repairs were made. After the second repairs were made and the plaintiff was assured that the range was in perfect order plaintiff opened the cocks supplying the jets that heated the oven one-half and applied a lighted match. The explosion immediately followed, causing serious injuries to the plaintiff.

The contention of the plaintiff that it was the duty of the defendant to inspect the ranges and see that they were in proper order at all times would impose an unreasonable obligation upon the defendant. Considering the vast number of such ranges in use, it would seem to be a discharge of defendant's duty for it to inspect the ranges when installed and see that they were then in good order. But the right to recover in this case does not depend at all upon the failure of the defendant to inspect the ranges. Neither is it necessary to hold that it is the duty of the defendant to repair defective ranges, even after notice that they are in a defective condition, for the proof shows, as above noted, that the defendant asumed to make repairs upon complaint. Having undertaken to make repairs and see that the ranges were in safe working order, it was incumbent upon the defendant to do this work thoroughly and without negligence. It is quite true, as argued by the defendant, that negligence is not established by the mere fact of the explosion, but in this case the proof goes much further. It shows that the range was out of order. It permits the inference that there was trouble with the flow of gas and it shows that the defendant's workmen made changes, repairs or alterations in the range intended to correct this trouble. In such a case it is not necessary for the plaintiff to establish in what precise particular the work of repairs was improperly performed. To require such proof would be most unreasonable, for the job was of a technical nature and was undertaken by the defendant and carried on under its own responsibility and without any reasonable opportunity for the plaintiff to know or ascertain whether it was being done in a scientific or workmanlike manner. As was said by PATTERSON, J., in *Krzywoszynski* v. *Consolidated Gas Co.* (4 App. Div. 161, 163), which was a gas explosion case: " The question arising on this appeal is, was there proof sufficient to go to the jury as making out a *prima facie* case of negligence on the part of the defendant's workmen, and it involves a consideration of all the evidence presented. Of positive and direct evidence of any act or acts constituting negligence the record is barren; but in a case of this character it is not absolutely necessary to a recovery that a witness should be able to testify, from personal knowledge or observation, to the

particular fact relied upon as constituting negligence, but where from the condition of the proof an inference may be justly and fairly drawn of negligence on the part of the defendant, the circumstances should be submitted to the jury, and it is for them to decide whether the negligence existed or not."

In the case at bar the evidence warranted an inference that the defendant's workmen had so readjusted the flow of gas as to permit of the escape of such an unusual amount when the cocks were half open as to constitute a dangerous menace to life. Considering the very serious consequences resulting from the improper regulation of the flow of an explosive gas, it is only proper that at least reasonable care should be required of the gas company in making repairs and adjustments of these ranges that are rented for the consumption of its gas, where the company invites complaints and undertakes to do the work. I have examined the cases cited by the respondent and find none in conflict with this principle. It was error in my judgment to hold that a *prima facie* case was not established.

In the opinion of Mr. Justice PAGE, sustaining the nonsuit, some stress is laid upon a consideration not urged by the defendant. It is said that " The plaintiff turned on half way the stopcocks of two of the burners in the oven of the range, and then struck a match and put the lighted match in the oven, and the explosion followed. The reasonable and natural explanation of the occurrence is that the gas escaping from the burners into the oven was ignited by the lighted match. There was no evidence of any other cause." It is often difficult, and sometimes impossible, to prove with reasonable certainty the precise cause of an explosion of gas. This is equally true of explosions of sewer gas, explosions of fuel and illuminating gas from pipes in the ground and introduced into dwellings, explosions and fire in and about gas meters and explosions of gas in gas ranges and their appliances. In such cases, inability to present direct evidence of the precise cause of the explosion does not necessarily result in a nonsuit, where from the condition of the proof, including all the surrounding circumstances, an inference of negligence may be justly and fairly drawn. I have endeavored to point

out the circumstances in this case from which such an inference might fairly and justly be drawn. It is doubtless true that a very common cause of gas explosions in the use of gas ranges is the turning on of the gas and permitting its accumulation before lighting a match to ignite it, but it seems to me whether that was the cause of this explosion or whether, on the other hand, the repairs were negligently made and such negligence was the more probable and reasonable cause of the explosion, was for the jury. The opinion of the court as to what caused the explosion may be the most probable and reasonable inference to be drawn from all the circumstances, but, after all, the question is one of fact and our system requires that such inferences be drawn, in the first instance at least, by the jury. It may be further noted, as bearing upon whether the plaintiff's negligence caused the explosion, that the testimony was that the method of lighting, employed by the plaintiff, on the occasion of the explosion, was the method that the plaintiff had always employed and without any harmful result until the defendant undertook to make alterations in the range and put it in order. Believing, therefore, that the plaintiff made out a *prima facie* case, I think that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment affirmed, with costs.