■ MARY LIFF, as Administratrix of the Estate of MAX LIFF, Deceased, et al., Respondents, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Third-Party Plaintiff Respondent-Appellant. LIPSETT INCORPORATED, Third-Party Defendant-Appellant.— Appeal by the third-party defendant, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered October 21, 1966, as is in favor of the third-party plaintiff against it for the amounts of money awarded to plaintiffs against the third-party plaintiff in said judgment. Judgment affirmed insofar as appealed from by the third-party defendant, with costs to the third-party plaintiff. The third-party defendant having abandoned so much of its appeal as was from the portions of the judgment which were in favor of plaintiffs against defendant, and defendant having abandoned its appeal, which was only from said portions of the judgment, the appeals from said portions of the judgment are dismissed, without costs. By virtue of provisions in the contract between the third-party plaintiff and the third-party defendant, as well as standard practice, the third-party defendant was obligated to make sure that the pipe was free of flammable material before applying the torch. Failure to do so was an omission which, at least in part, occasioned the injuries. Accordingly, the third-party defendant was correctly adjudged liable in accordance with the provision in the indemnity clause of the contract. Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., concurs in the dismissal of appeals as to plaintiffs, but otherwise dissents and votes to modify the judgment so as to dismiss the third-party complaint of Consolidated Edison against Lipsett, with the following memorandum: Consolidated Edison employed Lipsett to dismantle certain turbo generators and piping at an Edison plant. Plaintiff Liff, an employee of Lipsett, was injured when a pipe exploded while he was disconnecting it by means of a blow-torch. The cause of the explosion was fuel oil left in the pipe. On satisfactory evidence, the jury found that an Edison employee had told Liff that the pipe was free of oil and safe for burning and had instructed Liff to "go ahead and cut" it; and on that basis the jury held Edison liable to Liff. The Trial Judge then granted judgment over in favor of Edison against Lipsett on Edison's third-party complaint. The majority of this court is affirming that judgment. I disagree and believe that the judgment over should be reversed and the third-party complaint dismissed. The third-party judgment is based upon an indemnification clause in the contract between Edison and Lipsett. That clause provides that Lipsett will indemnify Edison and save it harmless from " all liability arising from injury to person or property occasioned wholly or in part by any act or omission of the Contractor [Lipsett], his agents, servants or employees". In *Thompson-Starrett Co.* v. *Otis Elevator Co.* (271 N. Y. 36), *Walters* v. *Rao Electrical Equip. Co.* (289 N. Y. 57) and *Semanchuck* v. *Fifth Ave. & 37th St. Corp.* (290 N. Y. 412), the Court of Appeals held that similarly broad, general indemnification agreements did not entitle the indemnitee of a judgment over against the indemnitor where the indemnitee had been guilty of active negligence; and that an actively-negligent indemnitee would not be entitled to indemnification unless the contract unequivocally so stated. In *Jordan* v. *City of New York* (3 A D 2d 507, affd. 5 N Y 2d 723) and *Sobel* v. *City of New York* (9 A D 2d 271, mod. on other grounds, 9 N Y 2d 187) the courts seemingly modified the holdings in *Thompson-Starrett, Walters* and *Semanchuck* (*supra*) by allowing indemnification, under similar contract provisions, in cases where

the indemnitees' passive conduct (i.e., failure to maintain and failure to comply with a section of the Labor Law) was by operation of law deemed to be active negligence. In *Kurek* v. *Port Chester Housing Auth.* (18 N Y 2d 450), where indemnification was permitted, the court (per Keating, J.) used rather broad language when it stated that indemnification will be permitted under contract provisions that do not expressly cover the indemnitee's active negligence if that appears to have been the unmistakable intent of the parties. But in *Kurek,* as in *Jordan* and *Sobel* (*supra*), the "active" negligence of the indemnitee was once again passive inaction, i.e., a failure to repair after notice of defect, which by operation of law was deemed active negligence; and in my view the broad language of Judge Keating must be read in light of the fact pattern of that case, particularly since it would seem to be somewhat at variance with the holdings in *Thompson-Starrett, Walters* and *Semanchuck* (*supra*). In no case that I have seen has indemnification been granted to a contract indemnitee guilty of express, factual active negligence (i.e., an affirmative act as distinguished from passive inaction), absent a provision in the contract specifically covering that situation. At bar, there is no provision in the contract which specifically indemnifies Edison for its own active negligence. Clearly, its negligence in this case was active in fact, as well as by operation of law, since it assured Liff that the pipe was free of oil and safe to burn, and, further, instructed him to "go ahead and cut" it. For it to cause Lipsett's employee [Liff] to burn the pipe by such assurance of safety and instruction to proceed, and then recover over from Lipsett for the results of its own misconduct, could hardly be deemed within the intendment of the broad, general language of the indemnification agreement at bar. In my opinion, such affirmative misconduct on its part bars it from indemnification under this contract.