Herman Cooke, Respondent, *v.* Sidney J. Bernstein et al., as Executors of Lucius P. Wasserman, Deceased, Defendants, and Consolidated Edison Company of New York, Inc., Appellant.

Sidney J. Bernstein et al., as Executors of Lucius P. Wasserman, Deceased, Third-Party Plaintiffs, *v.* London Character Shoes Corporation, Third-Party Defendant.

First Department, October 15, 1974.

*Joseph J. Klem* of counsel (*Williams & O'Neill*, attorneys), for appellant.

*P. Sherwood Greenhaus* of counsel (*McDonough, Schneider, Marcus & Cohn*, attorneys), for respondent.

MURPHY, J. London Character Shoes Corporation ("London") employed plaintiff as a porter and occasional salesman at its 125th Street store. In the early afternoon of October 24, 1963, plaintiff was requested to obtain a particular shoe style from the chain's 37th Street and Seventh Avenue store. On arrival he stated his mission and then went into the toilet to urinate. After exposing himself, plaintiff lit a cigarette; and an explosion immediately ensued. Plaintiff thereupon sued the owners of the building and defendant Consolidated Edison Company of New York, Inc. ("Edison") to recover for personal injuries arising from such explosion. The owner claimed over against Edison and impleaded London.

Aside from some pipes, the only fixture in the toilet was a commode. Plaintiff visited the 37th Street store several times a week. Although he could not recall ever smelling any gas on any of these visits, including the day of the accident, the store's manager testified that he had complained to the building superintendent on several occasions, over a period of years, of a nonhuman gaseous odor emanating from the commode. The manager further testified that he was unaware of any gas pipes in the toilet or any accommodation for gas pipes throughout the entire store. He conceded that a workbench located some two feet from the toilet contained inflammable liquids and admitted never communicating with Edison regarding any odors.

The only evidence indicating any Edison activity in the area is the store manager's statement that a few days prior to the accident he saw Edison's employees excavating in the roadway on the 37th Street side of his store. Plaintiff's entire case against Edison rested on the testimony of his expert witness, Mr. Huxley Madeheim.

Mr. Madeheim, in response to a hypothetical question which, in general, confined itself to the facts in the case, without reference to Edison, opined that the explosion occurred because "the vent portion of the plumbing system was not in proper operation." He explained this by stating that a plugged vent

will destroy the required protection against sewerage system pressure changes, thereby causing a partial vacuum "which will tend to bring back—any gases [such as sewer gases or any other gases which may leak from pipes or lines which are not completely tight] or other materials in the lines back into the building."

Over objection, plaintiff's expert was then permitted to state that, of his own knowledge, gas leaks are "not an unusual condition", escaping "gas can permeate through the voids in a disturbed soil, which we have under the streets" and has "been known to travel * * * for as far as 20 to 30 feet under ground." He then concluded by asserting: "So with the possibility that either sewer gas or Con Edison gas or a mixture of the two, due to the improper functioning of the vent system, is drawn back into the building and is manifested by the change in level in the toilet bowl and the bubble, such gas will form an explosive mixture with air."

With the admission of such testimony, indicating the possibility that the explosion was caused by sewer gas or illuminating gas, or a combination of the two, the owner settled with plaintiff for $5,200 and discontinued, with prejudice, its cross claim and third-party claim; and London waived its compensation lien of $3,697.75. The trial then continued against Edison alone.

Plaintiff's expert was then asked the same hypothetical question, with the additional inquiry as to whether the gas used by Edison was the producing cause or the ingredient involved in the explosion; and he responded affirmatively.

Before the conclusion of the trial the parties agreed to discharge the jury and to have the Trial Judge resolve all issues of law and fact. After reserving decision he rendered a written opinion in favor of plaintiff on the ground that the accident, which would not have occurred in the absence of someone's negligence, was caused by an instrumentality in Edison's exclusive possession. In our view, the record does not support such a conclusion.

The doctrine of res ipsa loquitur is not an arbitrary rule, but, rather, "a formulation of a species of circumstantial evidence". (Zaninovich v. American Airlines, 26 A D 2d 155, 157.) A condition precedent to its application requires requisite proof that the event, inter alia, was caused by an instrumentality within the exclusive control of defendant. (Corcoran v. Banner Super Market, 19 N Y 2d 425.) While more than one defendant may be held liable under the doctrine in certain circumstances, it is nevertheless plaintiff's burden to establish the negligence of

each of the defendants against whom the doctrine is sought to be invoked. (*Id.*)

Plaintiff's entire case against Edison is predicated on the speculations of his expert, which were in turn based on assumed facts not supported by the evidence. It is settled law that an expert's opinion not based on facts in the record or personally known to the witness is worthless. (*Cassano* v. *Hagstrom*, 5 N Y 2d 643, 646; *Stracher* v. *Corning Glass Works*, 39 A D 2d 560.) While CPLR 4515 had modified the manner in which an expert's opinion is now elicited, it has not changed the basic principle above enunciated.

The explosion occurred in a toilet located 30 feet from the front window of a store, leased by London and owned by another entity, in which there appears to have been no accommodation for gas pipes. The transcript is vague as to whether there was any gas supplied to the building; and if there was, such plumbing was owned by the landlord and controlled by either the landlord or the tenant. The store manager described the odor coming from the toilet as a sewerage smell; and admitted that inflammable substances were kept adjacent to the toilet. It is beyond contention that the sewer system was not within Edison's control; and undisputed that Edison was never notified of any gas smell before the incident in issue.

Finally, the record is devoid of any proof that Edison's gas pipes leaked or that its distribution system was otherwise defective. Plaintiff's own expert was uncertain as to the cause of the explosion, first opining that '' either sewer gas or Con Edison gas or a mixture of the two '' caused it, but later (after only Edison remained in the case) stating his belief '' that the principal cause was Consolidated Edison's gas.''

Liability in a *res ipsa loquitur* case, like any other, must rest on more than speculation, guess or surmise. (*Manley* v. *New York Tel. Co.*, 303 N. Y. 18.) Edison is not an insurer against accidents from escaping gas and '' it is not sufficient for the plaintiff to show that the explosion occurred, but [he] was bound to show that the explosion resulted from the negligence of the defendant or its servants.'' (*Pernick* v. *Central Union Gas Co.*, 183 App. Div. 543, 544, affd. 228 N. Y. 594.) In short, while there may have been '' negligence in the air '', on the record before us plaintiff failed '' to bring it home to defendant.'' (*Corcoran* v. *Banner Super Market*, 19 N Y 2d 425, 431, *supra*, quoting with approval from Posser, Torts [3d ed.], § 39.)

Accordingly, the judgment of Supreme Court, New York County (KAPLAN, J.), entered on October 15, 1973, in favor of

plaintiff against defendant Consolidated Edison Company of New York, Inc., should be reversed, on the law and on the facts, without costs or disbursements, and vacated and judgment entered dismissing the complaint as to said defendant.

NUNEZ, J. P., KUPFERMAN, TILZER and LANE, JJ., concur.

Judgment, Supreme Court, New York County, entered on October 15, 1973, unanimously reversed, on the law and on the facts, without costs and without disbursements, and vacated. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as to it.