Quinn, J.
(dissenting). Plaintiffs were employees of Peck-ham Road Corp., the third-party defendant. Peckham Road Corp. had a lump-sum contract with Consolidated Edison Co. of N. Y., Inc., the defendant and third-party plaintiff, which, among other things, required Peckham to "install precast concrete manholes * * * conduit and fittings.” Plaintiffs, working in a precast-concrete manhole Peckham had installed, were making it ready to receive conduits and fittings when a sudden explosion of flammable gases in the manhole severely burned both plaintiffs. It is entirely speculative as to whether or not the source of the gases accumulated in the manhole were nearby gas facilities of Consolidated Edison and even more speculative as to whether or not any negligence on the part of Consolidated Edison was a direct, proximate cause of their accumulation. "Edison is not an insurer against accidents from escaping gas and 'it is not sufficient for the plaintiff to show that the explosion occurred, but [he] was bound to show that the explosion resulted from the negligence of the defendant or its servants’ ” (Cooke v Bernstein, 45 AD2d 497, 500, quoting Pernick v Central Union Gas Co., 183 App Div 543, 544, affd 228 NY 594).
The manhole, when plaintiffs descended into it with undetected combustible gases present, was not a safe place to work. The accumulation of gases in unventilated, subterranean chambers built beneath the streets of urban centers is a readily foreseeable danger of which Consolidated Edison was well aware, as evidenced by the testing device, known as a Davis machine, it kept on hand for the very purpose of investigating suspected areas for the presence of trapped gases. Under section 200 of the Labor Law Con Ed, as owner of the projects had a nondelegable duty, vis-á-vis these plain *950 tiffs, to provide them with a safe place to work, i.e., to see to it that the premises were made safe by the discovery of dangers ascertainable through reasonable diligence and to remedy the dangers or warn against them (Employers Mut. Liab. Ins. Co. of Wis. v Di Cesare & Monaco, 9 AD2d 379). Con Ed failed in that duty, for which it was properly cast in damages to these plaintiffs.
Con Ed, however, though it could not delegate the statutory duty it owed plaintiffs, could and did delegate eventual responsibility and liability for the performance of that duty to Peckham under the contract between them:
"Safeguards in construction
"The Contractor expressly undertakes and agrees to provide and maintain at his own cost and expense * * * all necessary and proper equipment * * * and to make the place of work and the ways and approaches thereof safe and free from avoidable danger * * * the Contractor shall be responsible for any failure or neglect on his part to perform this covenant.
"Indemnification
"The Contractor shall indemnify and save harmless the Company from and against any and all liability arising from injury to person or property occasioned wholly or in part by any act or omission of the Contractor, his agents, servants or employees”.
The trial court, to which determination of the issues in the third-party action were reserved, found the above-quoted excerpts from the contract between Con Ed and Peckham inapplicable because of the provisions of paragraphs III, VIII and XV of the general specifications making "Con Ed * * * responsible for those aspects of the work involving gas and gas mains” and relieving Peckham of responsibility for anything "related to gas: that [being] Con Ed’s exclusive responsibility”. Clearly the place of work and the work in hand at the time of the accident were nothing other than the express, principal subject matter of the contract between Con Ed and Peckham. The plaintiffs’ activities, in making the precast-concrete vault ready for the installation of conduits had nothing whatever to do with any of the provisions of paragraphs III, VIII or XV of the general specifications, not even with so much of paragraph XV as relates to inserting and removing stoppers and making *951 all connections to and disconnections from live gas mains. The work on which plaintiffs were engaged at the time and place of the explosion was in no way remotely related to connecting or disconnecting gas pipes. The direct proximate cause of plaintiffs’ injuries was not the leakage of gas from some unconnected source outside the manhole. It was the failure to detect and to free the manhole of trapped gases accumulated within it, from whatever source.
The assumption of sole liability and indemnification by Peckham under its contract with Con Ed was called into full play by its failure to investigate the subterranean vault for the possible accumulation of gases and to ventilate it before plaintiffs, its employees, entered upon the work they had been directed to perform. Con Ed and Peckham under section 200 of the Labor Law each had an equal duty to provide plaintiffs with a safe place to work. Each of them breached that duty, except that Peckham for Con Ed’s breach, as well as for its own, by contract, assumed full responsibility and sole liability for plaintiffs’ injuries. (See Liff v Consolidated Edison Co. of N. Y., 29 AD2d 665, affd 23 NY2d 854, involving a similar situation and the identical indemnification clause with which we are here concerned.)
The judgment for plaintiffs should be affirmed and the judgment dismissing the third-party complaint should be reversed. Since this latter judgment was granted after trial to the court without a jury, this court should do what the trial court should have done (CPLR 5522; De Mayo v Yates Realty Corp., 35 AD2d 700, affd 28 NY2d 894) and give judgment to the third-party plaintiff against the third-party defendant for the amount of plaintiffs’ damages assessed against Con Ed.
Dudley, J. P., and Fine, J., concur in Per Curiam opinion; Quinn, J., dissents in a separate memorandum.