PEOPLE v ANDERSON

Docket No. 77-2195. Submitted January 10, 1978, at Lansing.—Decided June 5, 1978. Leave to appeal applied for.

Danny H. Anderson was charged with assaulting a police officer and breaking jail "or attempt to break or escape" from jail. Both charges arose out of an incident in which the defendant, while in the Jackson County Jail, left his cell with a turnkey to make a phone call. While out of his cell defendant hit the officer, grabbed his keys and ran out of the area. Defendant was captured in an area in which he was not authorized to be. The defendant's motion to quash the count of breaking jail was granted after which the defendant pled guilty to the count of assaulting a police officer, Jackson Circuit Court, Russell E. Noble, J. The people appeal. *Held:*

The trial court improperly quashed the count. The defendant may be tried for both of the offenses charged without there being any violation of the guarantees against double jeopardy, although to convict the defendant of both charges would constitute unconstitutional multiple punishment for the same offense because, in this instance, the trier of fact must necessarily find the defendant guilty of the assault on the police officer in order to convict him of jail break with violence.

Reversed and remanded for further proceedings.

1. CRIMINAL LAW—JAIL BREAK—ATTEMPTS—LESSER INCLUDED OFFENSES.

Attempted jail break through the use of violence is necessarily included within the completed offense.

2. CRIMINAL LAW—INFORMATION—QUASHING INFORMATION—DUPLICITY—STATUTES.

An information may not be quashed for duplicity or uncertainty (MCL 767.2, 767.75; MSA 28.942, 28.1015).

REFERENCES FOR POINTS IN HEADNOTES

[1] 27 Am Jur 2d, Escape, Prison Breaking and Rescue §§ 4, 6.

[2] 41 Am Jur 2d, Indictments and Informations § 292.

[3] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 1.
    Escape or prison breach as affected by means employed. 96 ALR2d 520.

[4, 5] 21 Am Jur 2d, Criminal Law § 189.

3. CRIMINAL LAW—JAIL BREAK—ESCAPE—EVIDENCE—STATUTES.

It is not necessary to establish that a defendant actually effected an escape to have sufficient evidence to support a charge of jail breaking through the use of violence; jail break and escape are not synonymous (MCL 750.197c; MSA 28.394[3]).

4. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—NECESSARILY INCLUDED LESSER OFFENSES.

A defendant may not be convicted of two crimes where, on the facts of the particular case, the trier of fact must necessarily find him guilty of one in order to find him guilty of the other.

5. CONSTITUTIONAL LAW—CRIMINAL LAW—DOUBLE JEOPARDY—SEPARATE OFFENSES—LESSER INCLUDED OFFENSES.

A defendant may be charged and tried for each act that constitutes a separate crime; however, when tried for an act which includes lesser offenses, if the jury finds guilt of the greater, the defendant may not also be convicted separately of the lesser included offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Kim Robert Fawcett,* Assistant State Appellate Defender, and *Nora Pasman,* Research Attorney, for defendant on appeal.

Before: BRONSON, P. J., and R. B. BURNS and R. E. A. BOYLE,* JJ.

BRONSON, P. J. Defendant was charged in a two-count information. Count I charged defendant with assaulting a police officer, MCL 750.479; MSA 28.747.[1] Count II charged defendant with breaking jail "or attempt to break or escape," MCL 750.197c; MSA 28.394(3).

These charges arose out of an incident which

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant pled guilty to Count I after Count II had been quashed. The guilty plea has not been challenged on appeal.

occurred at Jackson County Jail. Testimony at the preliminary examination indicated that defendant left his cell with a turnkey to make a phone call. On the way back to the cell, the two became involved in a scuffle; defendant hit the officer, grabbed his keys and ran out of the area. Defendant was later spotted by another officer. When defendant turned and ran down a stairway leading to a basement, an area in which he was not authorized to be, the officer shot defendant, wounding and capturing him.

Defendant was bound over on both counts.

Defense counsel filed a motion to quash Count II based on two grounds: (1) Count II charged, in addition to jail break, "attempt to break or escape" which is not within the language of MCL 750.197c; MSA 28.394(3), and (2) there was insufficient evidence presented at the preliminary examination to bind defendant over on Count II of the information.

The trial court quashed Count II after extensive argument by counsel. Its reasons for doing so, however, were not made clear. Apparently, the trial judge did not believe an attempt to break jail or escape would be a violation of MCL 750.197c; MSA 28.394(3).[2] After the prosecutor refused the court's invitation to amend Count II, it was quashed.

Assuming that Count II was quashed on defendant's first ground, that an "attempt" was not proscribed by the statute, the trial court erred in quashing it. Attempted jail break through the use of violence is necessarily included within the completed offense. See *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976). The attempt language in

[2] MCL 750.92; MSA 28.287 provides for penalties for attempts to commit crimes for which no specific provision has been made.

Count II thus could be viewed as mere surplusage. Even if Count II is viewed as duplicitous, quashing it was error. See MCL 767.75; MSA 28.1015, MCL 767.2; MSA 28.942, providing that an information may not be quashed for duplicity or uncertainty.

Defendant contends that Count II was quashed because there was insufficient evidence to bind defendant over on that charge, arguing that an actual escape from the confines of a jail is a necessary element of the offense of jail break, with violence, MCL 750.197c; MSA 28.394(3).

That statute provided, at the time of the alleged offense:[3]

"Any person lawfully imprisoned in any jail or place of confinement established by law for any term or awaiting examination, trial, arraignment, sentence, or after sentence awaiting or during transfer to or from any prison, for any crime or offense, or charged with any crime or offense who, without being discharged from jail or the place of confinement by due process of law, through the use of violence, threats of violence or dangerous weapons, shall break such jail or place of confinement and escape, or break jail. although no escape be actually made, shall be guilty of a felony."

The plain words of that statute belie defendant's argument, for the statute proscribes jail breaking through the use of violence "although no escape be actually made". Thus, jail break and escape are not synonymous, and the evidence in the case at bar was not insufficient because defendant never actually effected an escape.

The Supreme Court's order in *People v Quintero,* 399 Mich 888 (1977), vacating the Court of Appeals opinion, does not mandate a different

---

[3] The statute has since been amended by 1976 PA 188.

result.[4] That order does not require an escape from the ultimate boundaries of a prison as a prerequisite to prosecution. Rather, the Court appears to have been concerned with two factors not present in the case at bar: whether the area Quintero had entered was in fact an area in which he was not authorized to be and whether he intended to leave a place of confinement and enter an unauthorized area, as part of an escape attempt.

In the case at bar, there was evidence presented at the preliminary examination that defendant, who had left his cell in the custody of a turnkey and was being escorted back to his cell, struck the turnkey, picked up his keys and ran from a place of confinement.[5] He was subdued and captured in a place where he was not authorized to be. We cannot say that the magistrate abused his discre-

---

[4] *See People v Quintero,* 67 Mich App 481; 241 NW2d 251 (1976). The order states:

"[T]he decision of the Court of Appeals is vacated, and this case is remanded to the trial court for specific findings as to:

"(1) the physical limits of the prison;

"(2) whether the prison population generally and the defendant in particular were aware of those limits;

"(3) whether the defendant was in fact outside of the limits;

"(4) whether the defendant was aware that he was outside the limits;

"(5) whether there is any merit to defendant's contention that the prison authorities tolerated, authorized or permitted him or other prisoners, either in the course of their duties or as a matter of practice to be in this or like areas (Judge ALLEN's reference to 'skating').

"(6) did the defendant make the statement about intending to go to Mexico?

"(7) if so, was he on the hill or off limits as the first step in executing a plan to go to Mexico?

"(8) did the defendant intend to leave the prison boundaries and did he do so with the requisite state of mind?

"The trial court shall then enter an appropriate order affirming appellant's conviction or granting a new trial. This Court retains no further jurisdiction over the matter." 399 Mich 888.

[5] The "place of confinement" could be considered to be either the custody of the officer or the cell area from which defendant allegedly ran.

tion in binding defendant over for trial. See, *e.g.,* *People v Mosley,* 74 Mich App 145; 254 NW2d 33 (1977). Thus, assuming the trial court quashed Count II on the basis of insufficiency of the evidence, it erred.

In sum, the trial court erred in quashing Count II under either ground advanced by defendant.

This raises defendant's third issue: does the constitutional protection against double jeopardy[6] bar prosecution on Count II as defendant has pleaded guilty to Count I—assaulting a police officer?

A defendant may not be convicted of two crimes where, on the facts of the particular case, the trier of fact must necessarily find him guilty of one in order to find him guilty of the other. See *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), *People v Alexander,* 82 Mich App 621; 267 NW2d 466 (1978).

In the case at bar, defendant was charged with breaking jail through the use of violence, threats of violence or dangerous weapons. Defendant has pleaded guilty to assaulting a police officer. The only evidence in this case of any use of violence was the assault on the police officer. Thus, defendant may not be convicted of both jail break with violence and assaulting a police officer, because, on the facts of this case, the trier of fact must necessarily find him guilty of the assault on a police officer in order to convict him of jail break with violence. Separate convictions are impermissible under *Stewart* and *Martin.*

Of course, defendant has not been convicted

[6] US Const Am V; Const 1963, art 1, § 15.

We are here concerned with the aspect of double jeopardy forbidding multiple punishments for the same offense. *See People v Martin,* 398 Mich 303; 247 NW2d 303 (1976).

twice. Double jeopardy does not prevent the prosecutor from charging separate offenses in a single prosecution.

"A defendant may be charged and tried for each act that constitutes a separate crime. However, when tried for an act which includes lesser offenses, if the jury finds guilt of the greater, the defendant may not also be convicted separately of the lesser included offense." *People v Martin, supra,* at 309.[7]

We simply indicate that a conviction for breaking jail through the use of violence in this case after defendant had pleaded guilty to assaulting a police officer would constitute unconstitutional multiple punishment for the same offense.

Reversed and remanded for further proceedings consistent with this opinion.

[7] This analysis applies equally to conviction of a greater offense following conviction of a lesser offense. *See Brown v Ohio,* 432 US 161; 53 L Ed 2d 187; 97 S Ct 2221; (1977).