PEOPLE v DAVENPORT

Docket No. 77-1261. Submitted November 8, 1978, at Lansing.—Decided May 1, 1979.

William Davenport was charged with carrying a firearm with unlawful intent and carrying a concealed weapon. He was tried on both counts. At the close of the people's proofs, defendant moved for directed verdicts of acquittal on both counts, which were denied. Defendant was convicted of both counts, Bay Circuit Court, John X. Theiler, J. Defendant appeals, contending primarily that the convictions for both offenses violates double jeopardy. *Held:*

1. The motions for directed verdicts of acquittal were properly denied, since some evidence was introduced as to each element of the charged offenses.

2. The constitutional guarantee against double jeopardy protects against multiple punishment for the same offense, and the test to determine whether there was multiple punishment for the same offense is whether each charge requires proof of a fact that the other charge does not require.

3. The constitutional guarantee against double jeopardy does not preclude convictions for both carrying a firearm with unlawful intent and carrying a concealed weapon, because, although each offense has the common element of carrying a firearm, each offense requires proof of a fact that is not required for conviction of the other.

4. Carrying a firearm with unlawful intent and carrying a concealed weapon are not cognate lesser included offenses of each other, in that neither is a lesser offense of the other, and each statute was enacted to meet a different legislative purpose.

Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 75 Am Jur 2d, Trial § 553.

[3-6] 21 Am Jur 2d, Criminal Law §§ 182, 188, 189.

[4, 5] 79 Am Jur 2d, Weapons and Firearms §§ 7, 8, 15.

Offenses of carrying concealed weapon as affected by manner of carrying or place of concealment. 43 ALR2d 490.

T. M. BURNS, J., dissented. He would hold that the double jeopardy prohibition against multiple punishment attached, in that, on the proofs presented, the jury necessarily would have had to convict on the concealed weapon charge before convicting on the carrying a firearm with unlawful intent charge. He would vacate the conviction for carrying a concealed weapon.

OPINION OF D. E. HOLBROOK, JR., J.

1. CRIMINAL LAW — MOTIONS — DIRECTED VERDICT — ACQUITTAL — EVIDENCE.

A motion for a directed verdict of acquittal is properly denied where some evidence was introduced as to each element of the charged offense.

2. CRIMINAL LAW — EVIDENCE — BURDEN OF PROOF — INNOCENT THEORIES — DIRECTED VERDICT.

The prosecution is not required to negate every possible innocent theory in order to avoid a directed verdict of acquittal.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MULTIPLE PUNISHMENTS.

The constitutional guarantee against double jeopardy protects against multiple punishment for the same offense, and the test to determine whether there was multiple punishment for the same offense is whether each crime requires proof of a fact that the other crime does not require.

4. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — CARRYING A FIREARM WITH UNLAWFUL INTENT — CARRYING A CONCEALED WEAPON — STATUTES.

The constitutional guarantee against double jeopardy does not preclude convictions for both carrying a firearm with unlawful intent and carrying a concealed weapon, because, although each offense has the common element of carrying a firearm, each offense requires proof of a fact that is not required for conviction of the other (MCL 750.226, 750.227; MSA 28.423, 28.424).

5. CRIMINAL LAW — LESSER INCLUDED OFFENSES — COGNATE OFFENSES — CARRYING A FIREARM WITH UNLAWFUL INTENT — CARRYING A CONCEALED WEAPON.

Carrying a firearm with unlawful intent and carrying a concealed weapon are not cognate lesser included offenses of each other, in that neither is a lesser offense of the other, and each statute was enacted to meet a different legislative purpose.

6. Constitutional Law — Double Jeopardy — Factually Included Offenses.

> The constitutional guarantee against double jeopardy prohibits separate convictions for two offenses where, on the specific facts presented, conviction on one offense necessarily requires a conviction of the other offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Eugene C. Penzien,* Prosecuting Attorney, *George B. Mullison,* Chief Assistant Prosecuting Attorney, and *Peter F. Dahm,* Assistant Prosecuting Attorney, for the people.

*Michael E. Turner,* Assistant State Appellate Defender, for defendant.

Before: D. F. Walsh, P.J., and T. M. Burns and D. E. Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. On June 30, 1976, defendant was convicted by a jury of carrying a firearm with unlawful intent, MCL 750.226; MSA 28.423, and carrying a concealed weapon, MCL 750.227; MSA 28.424. Given concurrent sentences of 2-1/2 to 5 years in prison, he appeals as of right.

A deputy sheriff testified that he was in the Pickle Barrel Bar with two other deputies. While at the bar, he observed defendant enter the premises with two other individuals. At that time he saw the outline of a handgun in defendant's right-hand pants pocket. When defendant and the two other individuals left the building, the three deputies followed. The three deputies caught defendant once, but he got away. Upon catching him the second time, one deputy testified that defendant put his right hand in his right pants pocket. Once

this occurred, all three deputies immediately grabbed defendant's right arm and removed the weapon. Testimony was elicited that when defendant's hand was forcibly removed from his right-hand pocket the gun was not in it. A patrolman testified that defendant had his hand in his right front pocket and that, "I could see the outline of a gun and he had his hand on the grip".

Following conclusion of the people's case, defendant rested without presenting any proof, making motions for directed verdicts on both counts. Defendant contends that the motions for directed verdict were improperly denied. A directed verdict may only be granted where there is no evidence, either direct or circumstantial, on each material element of the offense. *People v Maliskey,* 77 Mich App 444, 448; 258 NW2d 512 (1977), *People v Hodo,* 51 Mich App 628, 639; 215 NW2d 733 (1974). A review of the record indicates that there was some evidence introduced on each material element of both offenses. Defendant correctly argues that there were possible innocent theories concerning why his hand was in his pocket at the time of his arrest, however the prosecution is not required to negate every possible innocent theory in order to avoid a directed verdict of acquittal. *People v Edgar,* 75 Mich App 467; 255 NW2d 648 (1977).

Defendant's primary contention, however, is that a conviction for both offenses violates double jeopardy. The Fifth Amendment guarantee against double jeopardy consists of three separate constitutional protections. It protects against the second prosecution for the same offense after acquittal, against a second prosecution for the same offense after conviction, and against multiple punishments for the same offense. *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969).

It is the protection against multiple punishments for the same offense that is at issue in this case. In *Brown v Ohio*, 432 US 161, 166; 97 S Ct 2221; 53 L Ed 2d 187 (1977), the United States Supreme Court reiterated the test applicable to multiple punishments:

"The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v United States*, 284 US 299, 304; 76 L Ed 306; 52 S Ct 180 (1932): 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether they are two offenses or only one, is whether each provision requires proof of a fact which the other does not * * *.' This test emphasizes the elements of the two crimes. 'If each requires proof of the fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes * * *' *Iannelli v United States*, 420 US 770, 785, n 17; 483 L Ed 2d 616; 95 S Ct 1284 (1975)."

The elements of carrying a firearm with unlawful intent, MCL 750.226; MSA 28.423, are that the defendant be armed with a firearm, that at the time he was so armed he intended to use the firearm, and that he intended to use the firearm unlawfully against the person of another. CJI 11:2:01. The elements of carrying a concealed weapon, MCL 750.227; MSA 28.424, as far as this case is concerned, are that the defendant merely carried a pistol and that the pistol was concealed on or about his person. CJI 11:1:01. Each charge has the common element that defendant carried a pistol, but the carrying the concealed weapon charge requires proof that the pistol was concealed on or about the person of the defendant, and the

going armed with the firearm with unlawful intent requires proof that the defendant intended to use the pistol unlawfully against the person of another. Since each requires proof of a fact the other does not, the *Blockburger* test is satisfied, and punishment for both offenses would not violate double jeopardy.

Defendant argues that the evidence which proved him guilty of carrying a firearm with unlawful intent necessarily proved him guilty of carrying a concealed weapon. This argument is based upon the Michigan Supreme Court's holding in *People v Ora Jones,* 395 Mich 379, 387-389; 236 NW2d 461 (1975), which held that lesser included offenses in Michigan include both necessarily included lesser offenses and those lesser offenses that are related and hence cognate. The Court stated:

"The common-law definition of lesser included offenses is that the lesser must be such that it is impossible to commit the greater without first having committed the lesser. 4 Wharton, Criminal Law & Procedure, § 1799. This definition includes only *necessarily* included lesser offenses. This definition, however, is generally conceded to be unduly restrictive, and thus most jurisdictions, including Michigan, have statutes that are broadly construed to permit conviction of 'cognate' or allied offenses of the same nature, under a sufficient charge. These lesser offenses are related and hence 'cognate' in the sense that they share several elements, and are of the same class or category, but may contain some elements not found in a higher offense.

* * *

"The failure to advert to the nature of the 'cognate' lesser included offense has caused confusion. The fact that a lesser offense, within the same category as the greater charged offense, has an element not included within the greater does *not* preclude the lesser from being included within the greater." (Footnote omitted, emphasis in original.)

It is arguable *Brown v Ohio, supra,* held that a lesser included offense and a greater offense are the same under *Blockburger.* It is also arguable that the expansive definition of lesser included offenses found in *Ora Jones,* precludes conviction for cognate lesser included offenses, as well as for necessarily lesser included offenses, after a conviction of the greater offense. But see *People v Risher,* 78 Mich App 431; 260 NW2d 121 (1977), *Wayne County Prosecutor v Recorder's Court Judge,* 85 Mich App 727; 272 NW2d 587 (1978). Defendant cites *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976), and *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), as supporting his argument that a cognate lesser included offense is treated identically with a necessarily lesser included offense in Michigan. Defendant's reliance is inappropriate, since neither case relies upon the *Ora Jones* definition of cognate lesser included offenses, but rather, held, on the facts of each case, that the possessions for which the defendants were convicted constituted necessarily included offenses.

The greatest difficulty with defendant's position is that no case can be found holding that carrying a concealed weapon is a lesser offense to carrying a weapon with unlawful intent, or that carrying a weapon with unlawful intent is a lesser offense of carrying a concealed weapon. Significantly, both offenses are felonies punishable by imprisonment in the state prison for not more than five years, or by a fine of not more than $2,500. The mere fact that two offenses have one similar element, in this case possession of the pistol, does not make one the lesser offense of the other. Clearly these two statutes were enacted in an attempt to remedy two separate problems. *People v Johnnie W Jones,* 12

Mich App 293, 295-296; 162 NW2d 847 (1968), indicates:

" 'The purpose of *all* concealment statutes is clear. At the time they were enacted, the open carrying of weapons upon the person, was not prohibited. The purpose of the concealed weapons statutes was to prevent men in sudden quarrel or in the commission of crime from drawing concealed weapons and using them without prior notice to the victims that they were armed. The person assailed or attacked would behave one way if he knew his assailant was armed and perhaps another way if he could safely presume he was unarmed.' *People v Raso,* (1958) 9 Misc 2d 739 (170 NYS 245, 251)."

The statute prohibiting the carrying of a firearm with unlawful intent is an attempt to civilize our society. Const 1963, art 1, § 6, clearly states that every person has a right to keep and bear arms for the defense of himself and the state. This constitutional provision clearly indicates that it is permissible for individuals to carry weapons. In an attempt to discourage the open carrying of weapons, it was made a felony to go about armed with the intent to use the same unlawfully against the person of another. Since the statutory purposes of both charged offenses are different, they are not cognate offenses. See *People v Ora Jones, supra,* at 389.

In view of the foregoing we hold that carrying a firearm with unlawful intent, MCL 750.226; MSA 28.423, and carrying a concealed weapon, MCL 750.227; MSA 28.424, are not lesser offenses of each other. Each requires proof of a fact that the other does not, and conviction of both offenses does not violate double jeopardy.

Affirmed.

D. F. WALSH, P.J., concurs in result.

T. M. BURNS, J. *(dissenting in part).* I agree with all of Judge HOLBROOK, JR.'s, conclusions except his last. In my view, it is a violation of the Michigan double jeopardy protection[1] against double punishment for the "same" offense to allow both the conviction for carrying a concealed weapon, MCL 750.227; MSA 28.424, and going armed with a weapon with intent to use it unlawfully against another, MCL 750.226; MSA 28.423, to stand on the facts of this case.

The protection against double punishment prohibits imposing two sentences, even concurrent sentences, for legally distinct offenses where the fact finder must necessarily find the defendant guilty of one crime in finding guilt on another. If the factual analysis in a particular case shows that one act "blends together" with another, it may only be punished once. *People v Stewart (On Rehearing),* 400 Mich 540; 256 NW2d 31 (1977), *People v Martin,* 398 Mich 303; 247 NW2d 303 (1976). See also, *People v Anderson,* 83 Mich App 744; 269 NW2d 288 (1978).

In the present case, the evidence shows that the weapon carried by defendant was at all times concealed in his pocket. The weapon was removed by the police after they had arrested defendant. Therefore, the same evidence which supported the carrying a firearm with unlawful intent charge also supported the carrying a concealed weapons charge. On the specific facts of this case, it was necessary for the jury to convict of carrying a concealed weapon before it could convict of going armed with unlawful intent.

I would vacate the conviction for carrying a concealed weapon.

---

[1] Const 1963, art 1, § 15.