**MINK MART, INC., Plaintiff–Appellant,**

v.

**RELIANCE INSURANCE COMPANY, Defendant–Appellant,**

**Reliance Insurance Company, Third–Party–Plaintiff–Appellant,**

v.

**Clemons Management Company Corp. and Sydney J. Bernstein, Inc., Third–Party–Defendants–Appellees,**

v.

**Helena Furs, George Haralabatos, and North Atlantic Fur Processing Ltd., Third–Party–Defendants.**

No. 99–9211.

United States Court of Appeals, Second Circuit.

May 30, 2000.

Joshua L. Mallin, Weg & Myers, New York, NY, for plaintiff-appellant, defendant-appellant, third-party-plaintiff-appellant.

James E. Ryan, Dougherty, Ryan, Giuffra, Zambito & Hession, New York, NY, for third-party-defendants-appellees.

Present OAKES, MINER, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Miriam Goldman Cedarbaum, Judge), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Mink Mart and Reliance Insurance Company (collectively "MM") appeal from the district court's Sept. 20, 1999 grant of summary judgment to defendants Clemons Management Company Corp. ("Clemons") and Sidney J. Bernstein, Inc. ("SJB"). The court found that MM failed to establish a prima facie case on its negligence and *res ipsa loquitur* claims.[1] The court also excluded expert testimony proffered by appellants because it found that the testimony was "speculation . . . premised on speculation." *Mink Mart, Inc. v. Reliance Ins. Co.*, 65 F.Supp.2d 176, 181 (S.D.N.Y.1999). MM appeals only from that part of the judgment dismissing its *res ipsa loquitur* claim.

On the morning of July 28, 1992, water dripping from the ceiling of Mink Mart's fur vaults damaged the furs and skins contained therein. MM claims that the damage flowed from leaks in the air conditioning units on the tenth floor, located directly above the ninth-floor vaults. Clemons, the building's landlord, and SJB, its managing agent, contend that the source of the damage was the stoppage and overflow of a bathroom sink on the tenth floor. MM claims that Clemons and SJB would be liable for damage caused by leaks in the air conditioning units.[2]

In order to establish a *res ipsa loquitur* claim, the plaintiff must show three elements:

---

1. Mink Mart settled its claims with Reliance prior to issuance of the opinion below, and Reliance then joined Mink Mart's suit against Clemons and SJB.

2. It is undisputed that Clemons and SJB would not be liable if the damage flowed from the bathroom sinks.

1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence;

2) it must be *caused* by an agency or instrumentality within the exclusive control of the defendant; [and]

3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.

*Ebanks v. New York City Transit Auth.,* 70 N.Y.2d 621, 623, 518 N.Y.S.2d 776, 512 N.E.2d 297 (1987) (internal quotation marks and citation omitted) (emphasis added).

■ The district court found that MM failed to "come forward with evidence showing that there was an air-conditioner leak." *Mink Mart,* 65 F.Supp.2d at 182. The only "evidence" put forth by MM—other than the expert testimony excluded by the district court, which exclusion MM does not challenge on appeal—to suggest that the air-conditioners were the "agency or instrumentality" that caused the water damage were invoices from Winston Mechanical Corporation showing that air-conditioner repairs had been made on July 27, 1992 and August 5, 1992. However, the July 27 invoice indicated that all operating and safety controls were tested on that date, and did not report any leaks, nor did the August 5 invoice report any leaks. Moreover, MM nowhere suggests that any other leakage event occurred either before or after the date of the water damage.

MM speculates in its appellate brief that Winston Mechanical's replacement of a condensing unit on July 27 caused damage to pipes feeding water to the air conditioning units, resulting in the water discharge. Although *res ipsa loquitur* "permits the inference that an unusual occurrence re-

sulted from defendant's negligence," *Weeden v. Armor Elevator Co.,* 97 A.D.2d 197, 468 N.Y.S.2d 898, 903 (2d Dep't 1983), liability "must rest on more than speculation, guess or surmise." *Cooke v. Bernstein,* 45 A.D.2d 497, 359 N.Y.S.2d 793, 797 (1st Dep't 1974). Because MM's causation argument is purely conjectural and enjoys no support in the record, we affirm the district court's grant of summary judgment against MM on its *res ipsa loquitur* claim.[3]

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.

---

**3.** As MM failed to establish the second element of the *res ipsa* test, it is unnecessary to address the test's remaining prongs.